QU YUAN LI, Petitioner,

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,** Respondent.

No. 03–40422–AG.

United States Court of Appeals, Second Circuit.

April 13, 2006.

Lorance Hockert, Hockert, Warnock, & Donnelly, New York, New York, for Petitioner.

Jeannette Vargas, Assistant United States Attorney for the Southern District of New York (Michael J. Garcia, United States Attorney for the Southern District of New York, Sara L. Shudofsky; on the brief) New York, New York, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Qi Yuan Li petitions for review of the BIA order denying a motion to reopen a November 1995 BIA decision affirming an immigration judge's ("IJ") December 1993 *in absentia* order of exclusion. We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). The BIA's discretion to grant motions to reopen is subject to the restrictions contained in 8 C.F.R. § 1003.2. The BIA de-

nied Li's motion as exceeding the time and numerical limits imposed on motions to reopen. An alien is limited to one motion to reopen exclusion or deportation proceedings, 8 C.F.R. § 1003.2(c)(2), which must be filed within ninety days of the final administrative decision, 8 C.F.R. § 1003.2(c)(2). A motion that does not comply with these limitations can only be brought where the alien can establish one of four limited exceptions. 8 C.F.R. § 1003.2(c)(3). One such exception, the only one applicable here, is where the alien can establish "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii) (2005); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii) (2005).

Li's motion to reopen, filed over seven years after the BIA's issued a final order of exclusion, alleged "changed circumstances" in the form of the birth of his two children in the United States. Despite the fact that Li's wife's motion to reopen was granted based on identical facts,[1] Li's case is strictly governed by this Court's precedent. In *Li Yong Zheng v. Dep't of Justice,* we held that the birth of two children in the United States was essentially a changed personal circumstance that did not constitute a changed circumstance under 8 U.S.C. § 1229a(c)(7)(C)(ii) and 8 C.F.R. § 1003.2(c)(3)(ii). 416 F.3d 129, 130–31 (2d Cir.2005). Because the facts of Li's case are similar to the facts in *Zheng,* the BIA did not abuse its discretion in determining that Li had not demonstrated changed circumstances constituting an exception to the 90–day filing deadline or exceptional circumstances warranting a reopening of his case.

---

1. The procedural history of Li's wife's case in not identical to Li's. There is no evidence in the record that Li's wife was ordered excluded *in absentia.* Additionally, and more importantly, the BIA's decision granting his wife's motion to reopen specifically indicates that the Service "affirmatively expressed its nonopposition" to her motion to reopen. The government has certainly not affirmatively indicated its "nonopposition" to Li's motion.